**LEE B. DRAKE**                                                                                                                   **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:16cv222-KS-MTP**

**THE GUARDIAN LIFE INSURANCE**
**COMPANY OF AMERICA**                                                                                    **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion [39] to Strike Defendant's

Expert Designation. Plaintiff moves to strike the expert designation on the basis that it is not

fully compliant with Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff claims the report did

not sufficiently include the expert's compensation and the listing of the cases in which he

testified as an expert at trial or by deposition within the preceding four years.

In response, the Defendant supplemented the report to include the expert's bill through

August 29, 2017. *See* [44-1] at 68-69. Defendant also supplemented the list of cases in which the

expert has participated in trial and deposition testimony. *Id.* at 70.

"A party must make these disclosures at the times and in the sequence that the court

orders." Fed. R. Civ. P. 26(a)(2)(D).  Local Rule 26 provides that a "party must make full and

complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later

than the time specified in the case management order." L.U. Civ. R. 26(a)(2).  Rule 37 provides

that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at

a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1).

To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Although Defendant did not provide all of the information necessary to fully comply with Fed. R. Civ. P. 26(a) by the expert designation deadline, Plaintiff did not point to any specific prejudice he suffered or will suffer. Defendant provided a supplemental disclosure to Plaintiff on August 31, 2017. *See* [43]. Further, the most critical portion of an expert's report is the statement of the expert's opinion and the basis for the opinion, which was provided prior to the designation deadline.[1] The Court also notes that a continuance is not necessary to cure any potential prejudice Plaintiff might suffer, as the pre-trial conference is approximately five months away. The factor of importance also weighs in favor of Defendant.

Accordingly, the Court having applied the relevant factors, finds that Plaintiff's Motion [39] to Strike Defendant's Expert Designation should be DENIED.

SO ORDERED, THIS the 1st day of September, 2017.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] It should be noted that the original report did provide the expert's hourly rate of compensation. It also included a list of cases the expert had worked on, but the list did not provide sufficient information to identify the cases.