# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LEE B. DRAKE**                                                        **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 2:16cv222-KS-MTP**

**THE GUARDIAN LIFE INSURANCE**
**COMPANY OF AMERICA**                                          **DEFENDANT**

## ORDER

This matter is before the court on the Motion [47] for Reconsideration of Order [45] denying Plaintiff's Motion to Strike the Expert Report of the Defendant, Guardian Life Insurance Company of America. For the reasons which follow, the Court denies the Motion [47] for Reconsideration.

Plaintiff initially claimed that Defendant's expert report was insufficient because it did not adequately include the expert's compensation information[1] or provide a sufficient listing of cases for which he testified as an expert at trial or by deposition within the preceding four years.[2] *See* Motion[39]. Defendant's expert report was initially deficient under Federal Rule of Civil Procedure 26(a)(2)(B), however, it supplemented the report to include the information which Plaintiff claimed was insufficient. *See* [43][44]. Defendant supplemented the report to include the expert's billings through August 29, 2017. *See* [44-1] at 68-69. Defendant also supplemented the list of cases in which the expert has provided trial or deposition testimony. *Id*. at 70.

As the supplemented designation was late, the Court considered the *Geiserman* factors to determine whether to exclude the expert:

(1)     the importance of the witnesses' testimony;

(2)     the prejudice to the opposing party of allowing the witness to testify;

---

[1] It should be noted that the original report did provide the expert's hourly rate of compensation.
[2] The initial expert report included a long list of cases the expert had worked on, but the list did not provide sufficient information to identify the cases.

1

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (*citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

On balancing the factors, the Court found that the expert should not be struck. Plaintiff did not point to any specific prejudice he has suffered or will suffer. Further, the most critical portion of an expert's report is the statement of the expert's opinion and the basis for the opinion, which was provided prior to the designation deadline. The Court also noted that a continuance was not necessary to cure any potential prejudice Plaintiff might suffer.

Plaintiff now moves for reconsideration arguing that the list of cases in the new report is still deficient because the first designation had seventy-two (72) cases that the expert had worked on and the supplemental designation includes only fifteen (15) cases. Plaintiff contends that this is not a supplementation at all, but a carefully culled list of fifteen (15) cases out of seventy-two (72) that the expert has now chosen to disclose. According to Plaintiff, Defendant's expert is "pretending to [] supplement[] his report but otherwise excluding, without explanation, information on approximately fifty-four (54) other cases."[3] Defendant filed a response which included a declaration from the expert that explained that the initial Expert Report included a list of cases that contained duplicate entries and was based on his records that included all cases in which he had consulted over the past four years, whether or not he had given deposition or trial testimony. *See* Frances Decl [49-1] at ¶ 3. Put differently, the list of cases from the initial report

---

[3] Defendant represents that Plaintiff made no attempt to contact Guardian and confer in good faith as required prior to filing this discovery motion. *See* Local Rule 37(a). The court elected not to immediately deny the motion under Local Rule 37(c) for failure to have a good faith conference because the court had already conducted a telephonic conference concerning the issue of the expert report. However, it appears that a good faith conference should have resolved this issue.

referenced cases that were not required to be identified under Rule 26. Plaintiff did not file a rebuttal to refute this explanation provided by Defendant.[4]

Granting a motion for reconsideration is "an extraordinary remedy," and thus should be "used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir.2007). Motions to reconsider are not intended to "re-debate" the merits of a particular motion. *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522–BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion.

Plaintiff has not alleged an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent injustice, nor has he rebutted Defendant's explanation for the difference between the reports. The Court could deny the motion for these reason alone. Additionally, under the *Geiserman* factors, Plaintiff has still not pointed to any specific prejudice he has suffered from the revised designation, making only the blanket allegation that the purported insufficient late designation "constitutes serious prejudice. . . as discovery time is rapidly running." *See* [47] at 2.

Accordingly, the Motion [47] for Reconsideration of Order [45] is DENIED.

SO ORDERED, THIS the 22nd day of September, 2017.

s/ Michael T. Parker  
United States Magistrate Judge

---

[4] The deadline for Plaintiff to file a rebuttal was September 20, 2017. *See* Text Order Dated 9/11/2017.